# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-2089
Filed March 11, 2026

―――――――――

**In the Interest of E.H. and D.H., Minor Children,**

**D.H., Father,**
Appellant.

―――――――――

Appeal from the Iowa District Court for Johnson County,
The Honorable Joan M. Black, Judge.

―――――――――

**AFFIRMED**

―――――――――

Caleb T. Detweiler of Brenneman, Detweiler & Goertz, LLP, Iowa City,
attorney for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Joseph Pavelich of Fitzgerald, Klesner & Pavelich, PLC, Iowa City, attorney
and guardian ad litem for minor children.

―――――――――

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

This family's history with the juvenile court spans almost a decade. We need not recount it in full. Instead, we begin in September 2023, when the two boys at issue—born in 2016 and 2019—were removed from their mother because of concerns about drug use in her home. Their father, who also struggles with substance use, was incarcerated. The children were formally placed with their paternal grandmother, where they would live off-and-on until a termination hearing in September 2025.[1] Finding neither parent had addressed the issues preventing the boys' return, the juvenile court terminated their rights and transferred guardianship to the Department of Health and Human Services. Only the father appeals.

We review the termination of parental rights de novo, applying a three-step inquiry that tracks the framework of our termination statute. *See In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022); Iowa Code § 232.116 (2025). Here, the father challenges just one part of that analysis: whether termination was in the best interests of his children. Because he recently started a five-year prison sentence, the father cannot care for the boys. But he argues that "the court should explore all options to effectuate the placement that is in the children's best interests." And in the father's view, a better outcome would be to transfer guardianship of the boys to the paternal grandmother, who was their "de facto parent for over two years." *See* Iowa Code § 232.117(5) (authorizing the court, after a termination hearing, to enter an order consistent with section 232.104 rather than terminating parental rights); *id.*

---

[1] The boys returned to their mother's home for a trial placement between December 2023 and June 2024. They were once again removed after the mother tested positive for methamphetamine and police found drugs and sex paraphernalia at the home.

§ 232.104(2)(d)(2) (allowing the court to transfer guardianship and custody of the child to an adult relative).

We are unpersuaded that transferring guardianship to the grandmother would better serve these boys. In general, "a guardianship is not a legally preferable alternative to termination." *In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) (citation omitted). And while there is no dispute that the grandmother was an adequate caregiver throughout much of this case, things had changed by the termination hearing. In June 2025, the department put a safety plan into place based on allegations of drug use and improper supervision by the grandmother. Sweat patches collected from the grandmother in July and August were positive for cocaine. The August patch was also positive for methamphetamine. Soon after, the grandmother stopped complying with tests and fell out of contact with the department. On this record, we cannot find that a guardianship with the grandmother would better serve the boys' long-term needs. *See In re A.S.*, 906 N.W.2d 467, 478 (Iowa 2018) (affirming the denial of a grandparent guardianship where questions remained as to whether grandparents "would actually provide more stability and safety for the child").

The better path is termination. As the juvenile court put it, the boys "need sober, consistent caretakers" who can provide the "structure, nurturance, and guidance" they have been denied for too long. We decline to extend their time in limbo. Termination will pave the way to adoption, and to the safety and stability they deserve. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

**AFFIRMED.**